UNITED STATES DISTRICT COURT
WESTERN DISTRICT OF NEW YORK

_____

SAID GSSIME,

                                  Plaintiff

-vs-                                                    DECISION AND ORDER
                                                        08-CV-6404 CJS(mwp)

MR. JOHN BURGE, et al.,

                                  Defendants

_____

## INTRODUCTION

Plaintiff, a prisoner in the custody of the New York State Department of Corrections and Community Services ("DOCCS"), is suing pursuant to 42 U.S.C. § 1983, alleging that Defendants violated his federal constitutional rights.  Now before the Court is Defendants' motion to revoke Plaintiff's *in forma pauperis status* and dismiss this action. (Docket No. [#43]).  The application to revoke Plaintiff's *in forma pauperis* status is granted, and this action will be dismissed unless Plaintiff pays the filing fee within thirty (30) days.

## BACKGROUND

On September 5, 2008, Plaintiff submitted to the Court a Complaint and an application to proceed *in forma pauperis* ("IFP").  The Complaint [#1] alleged, *inter alia*, that in 2007, at Elmira Correctional Facility, Defendants denied Plaintiff medical and dental care, groped his genitals during a security frisk and retaliated against him for filing a grievance.  There is no indication that Plaintiff was in imminent danger of physical harm when he commenced this action, at which time he was housed at Marcy Correctional Facility.

When filing this action, Plaintiff used a form complaint that required him to list any other lawsuits that he had filed pertaining to his imprisonment. Plaintiff responded by listing a single action: 9:06-CV-1499, *Gssime v Kadian, et al.* (NDNY). As it now appears, Plaintiff's representation that this was his only prior lawsuit arising from his imprisonment was indisputably false.

On September 24, 2008, the Court relied on Plaintiff's representations and granted his application to proceed *in forma pauperis*. This action then proceeded through pretrial discovery.

On December 11, 2012, Defendants filed the subject motion to dismiss [#43]. Specifically, Defendants indicate that the Court should revoke Plaintiff's *in forma pauperis* status pursuant to 28 U.S.C. § 1915(g), and dismiss the action, because prior to the date that he commenced this action, he had at least three other actions dismissed as being frivolous, malicious, or failing to state a claim.

In support of the application, Defendants identify the three actions that were previously dismissed, as being frivolous, malicious or failing to state a claim, as follows: 1) 06-CV-4988, *Gssime v. Bray* (NDNY Apr. 3, 2007); 2) 6:07-CV-0363, *Gssime v. Eli Lilly, et al.* (NDNY Apr. 27, 2007); 3) 07-2094-cv, *Gssime v. Bray* (2d Cir. Mar. 28, 2008). Copies of the respective decisions and orders dismissing those actions are attached to Defendants' moving papers. Those decisions and orders do, in fact, indicate that those actions were dismissed for failing to state a claim and/or for being frivolous.

In response to the motion to dismiss, Plaintiff argues that dismissal is not appropriate, "[s]ince appeals still pending, and some are re-store by the Court."[sic] *See*, Docket No. [#44]. However, there is no indication that Plaintiff's assertion is correct. To the contrary, although Plaintiff appealed the dismissal of *Gssime v. Bray*, the Second Circuit dismissed the appeal as lacking "an arguable basis in fact or law," thereby accounting for two of his three strikes. Moreover, there is no indication that *Gssime v. Eli Lilly* was actually "restored" or re-opened.[1]

## DISCUSSION

The relevant section of law upon which Defendants' motion is based states, in pertinent part:

> In no event shall a prisoner bring a civil action or appeal a judgment in a civil action or proceeding under this section if the prisoner has, on 3 or more prior occasions, while incarcerated or detained in any facility, brought an action or appeal in a court of the United States that was dismissed on the grounds that it is frivolous, malicious, or fails to state a claim upon which relief may be granted, unless the prisoner is under imminent danger of serious physical injury.

28 U.S.C.A. § 1915(g) (West 2012). Clearly, the Court may revoke a prisoner plaintiff's IFP status if it determines that he is in violation of the three strikes provision. *See, generally, Harris v. City of New York*, 607 F.3d 18 (2d Cir. 2010); *Collazo v. Pagano*, 656 F.3d 131, 133-134 (2d Cir. 2011).

---

[1]On January 18, 2013, the Court's law clerk telephoned the Office of the Clerk for U.S. District Court for the Northern District of New York, in Syracuse, and was advised that *Gssime v. Eli Lilly* was dismissed with prejudice in 2007 and never re-opened.

In this case, the Court finds that Plaintiff accumulated three "strikes" prior to commencing this action, and that the "imminent danger" exception does not apply. The Court will therefore revoke Plaintiff's *in forma pauperis* status.

The Court also finds that revocation of Plaintiff's IFP status is warranted, as a sanction which the Court may impose pursuant to its inherent authority over this action, because he misrepresented his prior litigation history to the Court, hampering the Court's ability to evaluate his IFP application. *See, Harris v. City of New York*, 607 F.3d at 23 ("As an initial matter, we note that Harris's 'Prisoner Complaint' forms misrepresented how many strike suits he had filed prior to bringing the instant action. Harris should not benefit from his own misleading submissions[.]"); *Cameron v. Lambert*, No. 07 Civ. 9258(DC), 2008 WL 4823596 at *4 (S.D.N.Y. Nov. 7, 2008) ("Pursuant to its inherent power, a court may impose sanctions against a party for 'act[ing] in bad faith, vexatiously, wantonly, or for oppressive reasons.' *Chambers v. NASCO, Inc.*, 501 U.S. 32, 45-46 (1991) (citations omitted), and for 'misconduct during the course of litigation.' *Milltex Indus. Corp. v. Jacquard Lace Co.*, 55 F.3d 34, 37-38 (2d Cir.1995).").

## CONCLUSION

Defendant's motion [#43] is granted insofar as it seeks revocation of Plaintiff's *in forma pauperis* status. Plaintiff must pay the applicable filing fee of three hundred fifty dollars ($350) within *thirty (30) days* of the filing of this Decision and Order, *and his failure to pay such fee will result in a dismissal of this case without further order of the Court*.

4

In the event that this action is dismissed for Plaintiff's failure to pay the filing fee, the Court hereby certifies, pursuant to 28 U.S.C. § 1915(a), that any appeal from this Order would not be taken in good faith and leave to appeal to the Court of Appeals as a poor person is denied. *Coppedge v. United States*, 369 U.S. 438 (1962). Further requests to proceed on appeal *in forma pauperis* should be directed on motion to the United States Court of Appeals for the Second Circuit in accordance with Rule 24 of the Federal Rules of Appellate Procedure.

So Ordered.

Dated:      Rochester, New York
             February 4, 2013

                             ENTER:


                             /s/ Charles J. Siragusa
                             CHARLES J. SIRAGUSA
                             United States District Judge